IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 6:22-CR-00146-JDK |
| v. | § |
| | § |
| | § |
| KELLY JASON SMITH, | § |
| | § |

**MEMORANDUM OPINION AND ORDER**

Before the court is the government's motion for a protective order (Doc. No. 19). Defendant filed a response (Doc. No. 26), to which the government filed a reply (Doc. No. 30). The court held a hearing on the motion on December 19, 2022. Upon consideration, the government's motion (Doc. No. 19) is **DENIED.**

**BACKGROUND**

On November 10, 2022, Defendant was indicted on one count of Deprivation of Rights Under Color of Law in violation of 18 U.S.C. § 242. (Doc. No. 1.) The indictment charges that Defendant violated 18 U.S.C. § 242 when he directed his police dog, Mata, to bite a minor, R.E., while R.E. did not pose a threat that warranted the use of the police dog. *Id.* The indictment charges the police dog caused bodily injury to R.E. *Id.* On November 29, 2022, Defendant was arraigned before Judge Mitchell and conditions of his release were set. (Doc. Nos. 9–15.) Thereafter, on December 5, 2022, the government filed the instant motion for a protective order, which actually is a request for this court to enter a gag order against Defendant Smith and his attorney. (Doc. No. 19.) The court expedited briefing on the motion and held a hearing on December 19, 2022.

**LEGAL STANDARD**

The Supreme Court has called a gag order "one of the most extraordinary remedies known to our jurisprudence." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 562 (1978). If the district court determines that there is a "substantial likelihood" that extrajudicial commentary by trial participants will undermine a fair trial, then it may impose a gag order on the participants, as long as the order is also narrowly tailored and the least restrictive means available. *United States v. Brown*, 218 F.3d 415, 428 (5th Cir. 2000). Gag orders are appropriate for trial participants only when there is a substantial likelihood that comments from the lawyers and parties might taint the jury pool. *Id.* at 423. The court must ensure they are narrowly drawn and the least restrictive corrective measure available to ensure a fair trial. *Id.* Prior restraints on free speech are traditionally disfavored. *See United States v. Brown*, 250 F.3d 907, 915 (5th Cir. 2001). For a prior restraint to stand, the government must demonstrate that (1) the activity restrained poses a clear and present danger or serious and imminent threat to compelling government interest; (2) less restrictive means to protect that interest are unavailable; and (3) the restraint is narrowly tailored to achieve its legitimate goal. *Id.* at 915–18.

**DISCUSSION**

Although titled as a motion for protective order, the government's motion actually asks the court to enter a gag order in this case. (Doc. No. 19.) The government contends there is a threat to a fair trial warranting a gag order in this case based upon: (1) a previous Facebook post made by Defendant Smith that contained content disclosing personal identifiable information of the minor victim contained in an arrest warrant; and (2) defense counsel's statements to the media where he attacked the victim's character, called him derogatory names, and referenced unadjudicated charges against him (Doc. No. 19, at 4). Defendant contends the information regarding the minor

in his arrest warrant was made public and that the government started a publicity fire when it released a press release first. (Doc. No. 26.)

The government has failed to show there is a serious and imminent threat to a fair trial in this case. The government points to three extrajudicial statements in this case: (1) a personal Facebook post by Defendant regarding the victim's character that has since been removed; (2) a published statement made by defense counsel on a local news website disparaging the victim's character; and (3) a video recorded media statement disparaging the victim's character made by defense counsel to a local media station. (Doc. No. 30.) As to the first statement, the Facebook post has since been removed and the government has not made the court aware of any new statements that have been posted on social media since the initial now-removed post. The two media statements by defense counsel were made on November 11, 2022. The court is unaware of any additional media coverage or statements that have been made in the month since that time has passed, and the government has not made the court aware of any such statements. The court has held numerous public hearings since the time of arrest and the media has not been present at any of those hearings, nor have they continued to cover the case. In other words, the news coverage has been insubstantial and has not been pervasive or constant. Defendant's status as a "public figure" as the Wood County constable does not in and of itself create an imminent risk without a showing of substantial likelihood based upon the facts. The parties have requested a continuance of the trial date until June 2023 (Doc. No. 37) and no additional statements have been made. As such, the court finds the risk of prejudice here to be low.

Moreover, the government has failed to demonstrate why a gag order is the least restrictive means available to address the concern of a fair trial. The government's submitted proposal is far too broad and does not appropriately limit the scope of the proposed order. The government has

further failed to show why potential juror bias from exposure to extrajudicial commentary cannot be cured at the time of trial from searching questioning of potential jurors and clear jury instructions to disregard extrajudicial commentary. Indeed, though Defendant may be known in Wood County, this court's jury pool pulls from ten counties in the surrounding area including Rains, Van Zandt, Henderson, Anderson, Wood, Smith, Cherokee, Gregg, Rusk, and Panola counties. (*see* EDTX Juror Jurisdiction available at https://www.txed.uscourts.gov/?q=court-jurisdiction). The court is not convinced that the facts of this case warrant the extraordinary remedy of a gag order. The goals of the government can be achieved through less restrictive means such as an agreement between counsel, extensive voir dire, and clear jury instructions. As such, the court finds that the government's motion (Doc. No. 19) should be denied. The government is free to submit a revised motion for consideration should the need arise. Moreover, the parties are free to reach any mutually agreed understanding regarding statements to the media made regarding this case. The parties' related motions (Doc. Nos. 31, 33, 35) are **DENIED** as moot.

## CONCLUSION

For the reasons stated herein, the government's motion (Doc. No. 19) is **DENIED**.

**So ORDERED and SIGNED this 20th day of December, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE